JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Fidelity Direct Mortgage, LLC

**DEFENDANTS**
William Harrison, ET. AL.

**(b)** County of Residence of First Listed Plaintiff   Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Fairfax, Virginia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Christopher L. Markham (#28718)
555 Quince Orchard Road, #570, Gaithersburg, MD 20878
240-422-9301

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☒ 190 Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332
Brief description of cause:
Breach of Contract; Fraud

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 360,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE  Paul W. Grimm   DOCKET NUMBER  8:18-CV-02584, DK. 4

DATE
9-29-18

SIGNATURE OF ATTORNEY OF RECORD
*Christopher L. Markham*

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)   Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)   County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)   Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.   Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.   Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.   Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.   Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.   Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.   Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.   Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Southern Division)

FIDELITY DIRECT MORTGAGE, LLC    :
555 Quince Orchard Road, 411
Gaithersburg, Maryland 20878    :

    Plaintiff,           :

    v.                  :       CIVIL ACTION NO:

WILLIAM HARRISON,    :
3998 Fair Ridge Drive, Suite 120
Fairfax, Virginia 22033    :

DANIEL WEBSTER,    :
13811 Chop Tank Court
Centreville, Virginia 20120    :          :

JOSE MARINAY,    :
809 Dranesville Road
Herndon, Virginia 20170    :

STEVEN M. JONES    :
12310 Harbor Drive
Lake Ridge, Virginia 22192    :

WHTV DEVELOPMENT 1, LLC    :
RA: James C. Harrison
1258 Old Towne Road    :
Alexandria, Virginia 22030

                     :

    Defendants.              :

---

## COMPLAINT FOR DAMAGES

**COMES NOW**, Fidelity Direct Mortgage, LLC (hereinafter referred to as the "Plaintiff"), by and through its undersigned attorney, and files this, his Complaint against defendants William Harrison

2

(hereinafter referred to as "Harrison"), Daniel Webster (hereinafter referred to as "Webster"), Jose

Marinay (hereinafter referred to as "Marinay"), Steven M. Jones (hereinafter referred to as "Jones") and

WHTV Development 1, LLC (hereinafter referred to as "WHTV"), and in support hereof, the Plaintiff

alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. The Plaintiff is a limited liability company registered in Maryland, located in Montgomery County
   and licensed to conduct business in the State of Maryland and the Commonwealth of Virginia.

2. Harrison is a resident of Fairfax County, Virginia.

3. Harrison is subject to the jurisdiction of this Court pursuant to 28 U.S.C. §1332(a)(1)

4. Webster is a resident of Fairfax County, Virginia.

5. Webster is subject to the jurisdiction of this Court pursuant to 28 U.S.C. §1332(a)(1)

6. Marinay is a resident of Fairfax County, Virginia.

7. Marinay is subject to the jurisdiction of this Court pursuant to 28 U.S.C. §1332(a)(1)

8. Jones is a resident of Prince William County, Virginia.

9. Defendant Jones is subject to the jurisdiction of this Court pursuant to 28 U.S.C. §1332(a)(1)

10. WHTV is a limited liability company registered in the Commonwealth of Virginia, and located at,
    Alexandria County, Virginia.

11. WHTV is subject to the jurisdiction of this Court pursuant to 28 U.S.C. §1332(a)(1)

12. Venue for this case is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because a substantial
    part of the events or omissions giving rise to these claims occurred in Maryland.

## STATEMENT OF FACTS

13. During 2017, the Plaintiff entered into a relationship (hereinafter referred to as the "Relationship") with Harrison, Webster and WHTV (hereinafter collectively referred to as the "Team").

14. The Team was to acquire potential borrowers, to open potential markets and to provide mortgage lending services on behalf of the Plaintiff in the Commonwealth of Virginia.

15. Prior to entering into the Relationship, the Team impressed upon the Plaintiff that the Team had many years of experience in the mortgage lending business; that the Team had numerous contacts in and out of Virginia that could be a benefit to the Plaintiff; and that the Team could deliver a certain number or sales quota per month (hereinafter referred to as the "Quota") to the Plaintiff.

16. To attain the Quota, the Team represented that it required office space (hereinafter referred to as the "Property"), office supplies (hereinafter referred to as the "Supplies"), information technology support (hereinafter referred to as "IT") and the ability to hire consultants and independent contractors to assist the Team (hereinafter collectively referred to as the "Conditions").

17. The cost of the Property, the Supplies and the IT would be paid for by the Team by deducting the cost of such property and services from the Team's future commissions.

18. Further, the Team required monthly draws against future commissions from the Plaintiff (hereinafter referred to as the "Draws").

19. The Draws would be provided monthly to the Team and deducted from the Team's future commissions.

20. The Plaintiff agreed to the Conditions.

21. In return for the Conditions, the Plaintiff required the Team to meet the Quota, and for every month the Team did not meet the Quota, the Team was required to remit to the Plaintiff the amount the Team was below the Quota to the Plaintiff (hereinafter referred to as the "Plaintiff's Conditions").

4

22. The Team agreed to the Plaintiff's Conditions.

23. Over the next several months, the Team entered into a lease for a parcel of Property; obtained IT
    services from Cox Communications (hereinafter referred to as "Cox"); purchased a great deal of
    office supplies from Staples; and entered into independent contractor contracts with Marinay and
    Jones.

24. It was represented by the Team to the Plaintiff that Marinay had the ability to obtain a financial
    product that would create a new market for the Team and for the Plaintiff hereinafter referred to as
    the "Product").

25. It was represented by the Team that Jones had numerous contacts in a community that heretofore the
    Plaintiff was unable to gain entry and access to.

26. At this point, Marinay and Jones became part of the Team as hereinbefore defined.

27.  To that end, the Plaintiff drafted independent contractor agreement for the Team to present to
    Marinay (hereinafter referred to as the "Marinay Contract") and to Jones (hereinafter referred to as
    the "Jones Contract").

28. When the Plaintiff received the Marinay Contract from the Team, it was signed by Marinay;
    however, it was altered by the Team to change the terms the Plaintiff agreed to.

29. The Plaintiff did not sign the Marinay Contract, and asked for clarification on the changed terms
    from the Team.

30. The Team never responded.

31. On numerous occasions, the Plaintiff requested clarification from the Team on the Marinay Contract.

32. The Team never responded to the Plaintiff's requests.

33. Marinay provided a contract with a provider for the Product to the Plaintiff (hereinafter referred to as the "Provider Contract").

34. The Plaintiff reviewed the Provider Contract and had a number of questions regarding the veracity of the Provider Contract's claims, the legitimacy of the party providing the Provider Contract and the terms of the Product (hereinafter collectively referred to as the "Issues").

35. The Plaintiff presented the Issues to Marinay, Harrison and Webster.

36. Marinay, Webster and Harrison never responded to the Issues.

37. Generally, over the next several months, the Plaintiff began receiving financial statements for the Team pursuant to the Relationship and the Plaintiff's Conditions.

38. It appeared that the Team was not providing any new customers, clients, accounts or markets to the Plaintiff.

39. Rather, the Team was accepting the Draws and entering into contracts, mostly without the Plaintiff's knowledge or consent.

40. The Plaintiff estimated that the Defendants spent more than Two Hundred Fifty Thousand and 00/100 Dollars ($250,000.00) (hereinafter referred to as the "Loss") than what the Defendants earned for the Plaintiff.

41. Pursuant to the Plaintiff's Conditions, the Defendants were responsible for remitting to the Plaintiff the Loss.

42. The Plaintiff requested a renegotiation of the Plaintiff's Conditions with the Defendants to compensate the Plaintiff for the Loss pursuant to the Plaintiff's Conditions.

43. The Defendants refused to discuss the Loss with the Plaintiff.

44. During April, 2018, the Defendants left the Property, abandoned the Sublease, ceased remitting payments to Staples and to Cox and separated with the Plaintiff without giving notice to the Plaintiff.

45. The Plaintiff then had to negotiate re-letting the Property, while maintaining payments on the lease for the Property.

46. The Plaintiff was required to remit the balance of the Sub-Lease.

47. The Plaintiff has had to negotiate with Staples and Cox regarding the Defendants' unpaid bills.

48. The Plaintiff has sustained over Three Hundred Sixty Thousand and 00/100 Dollars ($360,000.00) in losses as a result of the Defendants and their actions.

## NATURE OF ACTION

49. This civil action seeks damages to remedy the Defendants' breaches of Contract, conspiracy, detrimental reliance and promissory estopple and fraud upon the Plaintiff.

## FIRST CAUSE OF ACTION:
## BREACH OF CONTRACT
### As to the Team

50. The Plaintiff realleges paragraphs 1 to 49 as if fully set forth herein.

51. In Maryland, the elements of Breach of Contract are: "The existence of a contractual obligation owed by the defendant to the plaintiff; and a material breach of that obligation by the defendant." Continental Masonry co. v. Verdel Construction Co., 279 Md. 476, 369 A.2d 566 (1977). (*internal citations omitted*).

52. The Plaintiff and the Team and/or its employees and/or agents entered into the Relationship, one of the material terms of which was that the Team and/or its employees and/or agents would fulfill the Plaintiff's Conditions.

54.     The Team and/or its employees and/or agents assured the Plaintiff that the Team and/or its

employees and/or agents would use its best efforts to fulfill the Plaintiff's Conditions.

55.     The Team did not fulfill the Plaintiff's Conditions.

56.     Thus, the Team and/or its employees and/or agents materially breached the Team's obligations

under the Plaintiff's Conditions entered into between the Plaintiff and the Team.

57.     As a further condition of the Plaintiff's Conditions, the Team impliedly covenanted to act in

good faith and to deal fairly with the Plaintiff concerning the Plaintiff's Conditions entered into between

the Plaintiff and the Team.

58.     As a result of the acts alleged above, the Team breached the implied covenant of good faith and

fair dealing with the Plaintiff.

59.     As a direct proximate result of the breach of the Plaintiff's Conditions and the implied covenants

of good faith and fair dealing, the Plaintiff has suffered, and continues to suffer, damages.

## SECOND CAUSE OF ACTION:
## DETRIMENTAL RELIANCE AND PROMISSORY ESTOPPEL
### As to the Defendants

60. Plaintiff hereby realleges the allegations contained in paragraphs 1 through 59 and incorporates same

by reference as though they were fully set forth herein.

61. The elements for a charge of Detrimental Reliance and Promissory Estoppel in Maryland are as

follows: "That a promise was made; That the promissor reasonably expected that the promise would

induce substantial action by the promisee; That the promise did in fact induce action which proved to

be costly to the promise because the promise was not enforced or honored; and That there was such a

change in position by the promise in reliance on the promise so as to make it enforceable and create

8

a property right in the promise." <u>Phoenix Mut. Life Ins. Co. v. Shady Grove Ltd. Partnership</u>, 734

F.Supp 1181, 1191 (D. Md. 1990).

62. The Team and/or its employees and/or agents, through entering into the Relationship with the

Plaintiff, made a promise to the Plaintiff that the Team and/or its employees and/or agents would put

forth their best efforts to fulfill the requirements under the Plaintiff's Conditions.

63.    As a result of the Team's promises, the Plaintiff completed its requirements under the

Conditions, reasonably expecting the Team and/or its employees and/or agents would put forth their best

efforts to fulfill the Plaintiff's Conditions.

64.    As a result of the Team's promises, the Plaintiff did not enter into a relationship with another

group to offer the Plaintiff's products in Virginia.

65.    The Team misled the Plaintiff about its abilities and efforts the Team and/or its employees and/or

agents were willing to pursue to fulfill the Plaintiff's Conditions.

66.    As a direct proximate result of the detrimental reliance and promissory estoppel of the Plaintiff

on the Team's promises, the Plaintiff has suffered, and continues to suffer, damages.

### THIRD CAUSE OF ACTION:
### FRAUD
### As to the Defendants

67. The Plaintiff realleges paragraphs 1 to 66 as if fully set forth herein.

68. Under Maryland law, the elements of Fraud are (1) A false representation; (2) the falsity of which is

known by the speaker or made with reckless indifference; (3) made for the purposes of defrauding the

injured party; (4) inducing justifiable reliance from the plaintiff; (5) resulting in actual damages to the

plaintiff. <u>VF Corp. v Wrexham Aviation Corp.</u> 715 A.2d. 188 (Md. 1997).

9

69. The Defendants falsely represented to the Plaintiff that the actions and methods used to fulfill the requirements under the Plaintiff's Conditions were both feasible and designed to serve the legal ends of the Plaintiff.

70. The Defendants knew at the time of making the false representations that these representations did not truthfully reflect their scheme to obtain the funds, supplies and a business address for their own purposes.

71. The Defendants made these false representations for the purposes of defrauding the Plaintiff.

72. The Plaintiff justifiably relied upon the assurances of the Defendants because of their seemingly in depth knowledge of legitimate and customary dealings in the Plaintiff's business.

73. The Plaintiff was actually damaged by the actions of Defendants insofar as the Plaintiff remitted the funds to the Defendants while receiving no fulfillment of the Plaintiff's Conditions.

### FOURTH CAUSE OF ACTION:
### CIVIL CONSPIRACY
### As to the Defendants

74. The Plaintiff realleges paragraphs 1 to 73 as if fully set forth herein.

75. Under Maryland law, "a civil conspiracy is a combination of two or more persons by an agreement or understanding to accomplish an unlawful act or to use unlawful means to accomplish an act not in itself illegal" that results in damage to a plaintiff. Hill v. Brush Eng'g Materials, Inc., 383 F. Supp. 2d 814, 821 (D. Md. 2005)

76. The Defendants constitute two or more persons.

77. The Defendants worked in concert to complete the unlawful acts of defrauding and converting the sum of $360,000.00 from the rightful possession of the Plaintiff.

78. The Defendants' civil conspiracy resulted in actual damages to the Plaintiff in the amount of $360,000.00.

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that this Honorable Court grant judgment against the Defendants as follows:

   a)  award the Plaintiff compensatory damages of $360,000.00 and punitive damages in amounts

      to be determined at trial;

   b) award reasonable counsel fees and costs; and

   c) award such other and further relief as this Honorable Court may deem just and proper.

*Respectfully Submitted,*

Christopher L. Markham, Esquire
Bar Number 28718
555 Quince Orchard Road, Suite 570
Gaithersburg, Maryland 20878
(240) 422-9301
Attorney for the Plaintiff

11